In late April, 1948, the defendant and his wife, intent on selecting luxurious and heavy carpet for the living and dining rooms of their Bridgeport home, called at the showroom of the plaintiff corporation and chose from sample a "primitive" type fabric of light pastel shade. The quantity of yardage required by the defendant not being in stock, it was agreed that the necessary material would be ordered from Firth Carpeting Company, a nationally recognized manufacturer of carpeting. The contract price, in the amount of $1040.22, was to include the basic material, its installation, and sponge underlay pads for the respective rooms.
Within a month the carpet was delivered to the defendant's home where it was cut and trimmed and made serviceable as a tailored or custom installation. On the evening of the installation and some hours after the work had been completed, the defendant mailed the plaintiff his check for the agreed price. *Page 379 
It is now said that closer inspection of the carpet revealed apparent defects, causing Mrs. Masulli, on the morning following the installation, to call the plaintiff to express her dissatisfaction and to indicate that a "stop payment" order had been placed on her husband's check. The plaintiff's president called at the Masulli home without delay to complete a personal viewing of the installation. It was his opinion then, as it is now, that the carpet was thoroughly merchantable, that it conformed to sample, and that it met every reasonable specification as to quality, weight and color.
"Primitive" type carpet is known to the trade and the public as carved or sculptured carpet, wherein some tufts of wool are raised and others unraised to create the effect of carving. By reason of this specialized method of weaving and as one of its distinctive characteristics, the pile of the carpet, on use and particularly on the placement of furniture thereon, separates moderately to show the carpet's backing. This parting, in no wise a defect but rather a unique feature of the material, caused Mrs. Masulli to believe that she had been sold imperfect merchandise when, in fact, she had received the type of material ordered in its desired shade. As an accommodation and as a psychological factor in attempting to satisfy a substantial customer, the plaintiff's president wove three or four burls or knots of matching wool into separations which Mrs. Masulli indicated as being particularly glaring. I find by the better evidence that the carpet was never defective in any respect and it is my impression that the weaving of the burls, while a thoughtful act, was needless and unfortunate in that it gave emphasis, at least in her own mind, to Mrs. Masulli's disappointment with her purchase.
Section 6631 of the General Statutes creates legal warranties in sale by sample and provides for implied warranties that the bulk shall correspond with the sample in quality, that the buyer shall have a reasonable opportunity of comparing the bulk with the sample, and that the goods, if purchased from a dealer in merchandise of that kind, shall be free from any defect, rendering them unmerchantable, which would not be apparent on reasonable examination of the sample.
It is my opinion that carpet of the quantity, character and quality called for by the contract was furnished the defendant. This being so, title passed to the defendant on delivery, and payment of the purchase price in accord with the agreement was *Page 380 
then the only executory part of the contract. When carpet of the quantity, character and quality called for by the contract was delivered to the defendant it was accepted in law; the fact that the defendant had the right to inspect the material and refuse to accept it if not of the character and quality called for by the contract did not entitle him to refuse to accept carpet of the character and quality called for by the contract, title to which had passed to him by delivery. L. A.Lockwood, Jr., Inc. v. E. Gross Co. 99 Conn. 296; Katz v.Delohery Hat Co., 97 Conn. 665.
While the circumstance that the purchase failed to fulfill the expectations of the defendant is a matter of regret, nonetheless it offers no legal sufficiency for disturbing a contract which was fairly arrived at and faithfully executed.
 Accordingly, judgment may enter for the plaintiff to recover of the defendant $1040.22 plus interest of $96.21 — a grand total of $1136.43.